### Commonwealth *vs.* Peter A. Smyth.

In this commonwealth, the omission of the words " a true bill," does not vitiate an indictment.

In this case, after verdict, and before judgment, the defendant moved to quash the indictment, and in arrest of judgment, for want of proper and necessary averments therein, " in that there is no certificate signed by the foreman of the grand jury that the indictment was a true bill," and in that the indictment is otherwise defective, and one upon which no judgment can be had. The motion was not allowed by *Bishop*, J. who tried the case in the court below, and the defendant excepted.

*T. G. Coffin*, for the defendant. 1. An indictment not certified to be " a true bill," though signed by the foreman of the grand jury, is bad, and a verdict will not cure the defect. *Webster's case*, 5 Greenl. 432 ; *State* v. *Elkins*, 1 Meigs, 109 ; *Gardner* v. *The People*, 3 Scam. 83 ; *Commonwealth* v. *Wal-*

*ters*, 6 Dana, 290; *Nomaque* v. *The People*, 1 Breese, 109 2. The motion in arrest is seasonably made after verdict. *Commonwealth* v. *Child*, 13 Pick. 198; *Webster's case*, supra.

L. F. *Brigham*, (district-attorney,) for the commonwealth. 1. An indictment, signed by the foreman of the grand jury finding it, and presented in open court, is sufficiently authenticated, without the words "a true bill" upon it. *State* v. *Davidson*, 12 Verm. 300; *State* v. *Elkins*, 1 Meigs, 109; *Sparks* v. *Commonwealth*, 9 Barr, 354; *State* v. *Chandler*, 2 Hawks, 439; *State* v. *Cox*, 6 Ired. 440; *State* v. *Calhoun*, 1 Dev. & Bat. 374; *Commonwealth* v. *Walters*, 6 Dana, 290; *State* v. *Kimbrough*, 2 Dev. 431; *State* v. *Collins*, 3 Dev. 117; *State* v. *Creighton*, 2 N. & McC. 256; *State* v. *Freeman*, 13 N. Hamp. 488. 2. The motion in this case, after verdict, is too late. 2 Blackf. 151; 2 Virg. Cases, 483; 8 Ham. 294; 2 Ashm 70; *Commonwealth* v. *Betton*, 5 Cush. 427.

MERRICK, J. After a verdict for the commonwealth, the defendant moves that judgment may be arrested, for the alleged " want of proper and necessary averments in the indictment, in that it contains no certificate, signed by the foreman of the grand jury, that it is ' a true bill.' "

Upon inspection of the indictment, it appears to have been signed by the foreman of the grand jury, and countersigned by the attorney for the commonwealth; but the words, " a true bill," are nowhere found upon it. This deficiency the defendant insists is a material and fatal objection to it; first, because these words are an indispensable part of every indictment; and secondly, because they constitute the only recognized phraseology by which the action of a grand jury, in the due presentment of a criminal accusation, can be legally authenticated.

This position seems to be well warranted by the decisions, chiefly relied on by the defendant's counsel, of English courts; and if such an objection were made in those courts, it would undoubtedly be sustained. For there it is held, that these words are not only indispensable to make a complete and valid legal accusation, but that when indorsed upon a bill, they become incorporated with and make a material part of

its allegations. This necessarily results from the peculiar course of proceeding in the allowance and institution of prosecutions upon the presentment of a grand jury in that country. Before any complaint charging a party with the commission of a criminal offence can be submitted to that body there, for their consideration, it must be duly set forth and described, in a bill properly prepared and fairly engrossed on parchment. When its members have been regularly assembled, and have been sworn, charged, and empowered to exercise the duties of their office, all the bills which have been previously prepared in that manner, are placed in their possession; and they then proceed to hear and consider the evidence adduced by the several prosecutors in support of their respective accusations, and thereupon to determine in respect to each particular bill, whether it shall be found or rejected. As soon as their investigations are completed, and their decision in each case made, they carry and return into court, and publicly deliver into the hands of the proper officer all the bills they have before received, including those they have rejected as well as such as they have found to be true. And in order that the two classes may always thereafter be conclusively distinguished the one from the other, they are required to indorse the words, " A true bill," upon those which they have found, and the words, " Not found," upon all which they have rejected. The indorsement of the former, converts the bill from a simple complaint into a complete, formal, and effectual indictment. 1 Chit. Crim. Law, 324; Com. Dig. Indictment, A; 2 Hawk. c. 25; 2 Cush. 139.

But our practice and course of proceeding in the prosecution of public crimes and offences, after the preliminary inquiry and action of a grand jury, are widely different, and involve no necessity for any similar indorsement or mark of discrimination, after their several presentments. It has undoubtedly been usual in this commonwealth to insert the words " a true bill," at the foot of the indictment, above the signature of the foreman of the grand jury; but it may be questioned whether this form has been invariably observed. And no case has been cited or referred to, in which it has been decided in our

courts that the inscription of these words upon any part of the bill is indispensable to its validity. That was not the question in the case of *Turns* v. *The Commonwealth*, 6 Met. 224. It was there, among other things, objected, that it did not appear by the record that the indictment had been found by at least twelve of the grand jurors; but it appearing to have been certified by the foreman, in the usual manner, to be a true bill, the court remarked that such certificate was proper evidence of the due and legal action of the jury. Certainly it was. But treating that certificate as proper and sufficient was no affirmation that it must be held the sole and exclusive evidence of that action, or that other means of proof might not be resorted to for the purpose of showing it. These means exist, and necessarily result from the proceedings of the grand jury, in the way and manner in which their official powers and duties are exercised and performed. No formal bills are ever previously prepared to be preferred before them, as in the English practice; but they receive and act upon all complaints which any individual may think fit to submit to them, and determine in what cases accusations shall be made. In these decisions, they always act for the commonwealth, and never for a private prosecutor. Bills of indictment are drawn up by the attorney for the government under their direction, and in conformity to their decisions. They return these, and no other bills whatever, into court, and they are the only presentments made upon which parties charged with the commission of criminal offences are arraigned for trial. The bills of indictment so returned are received by the court as official accusations of the grand jury, and placed upon its files and made part of its record. When, in addition to this course of proceeding, the indictment is verified by the signature of the foreman of the grand jury, and bearing upon its face the attestation of the public prosecutor, there is no reason why its authenticity or its character as a valid official accusation shall be afterwards brought into question.

We are aware that in other states there have been conflicting decisions upon this question. In *Webster's case*, 5 Greenl.

432, it was held that the omission of the words, " a true bill," was a fatal error. But the same question arose some years afterwards in the case of *The State* v. *Freeman*, 13 N. Hamp. 488, upon a similar indictment, and the court there, upon a review of the authorities, and for reasons carefully assigned, arrived at an opposite conclusion. And we think the latter decision was placed upon grounds which are satisfactory and conclusive. Certainly, the principal reason suggested by the court in support of its decision in *Webster's case*, that the foreman, without the words " a true bill " prefixed to his signature, must be presumed thereby to express his own personal opinion, and not that of the jury, cannot reasonably be accepted here, when the jury are not only sworn to keep their own counsel, but are expressly forbidden to state, or even to testify in a court of justice, how any one of their number voted, or what opinion he expressed in relation to any question before them. Rev. Sts. *c.* 136, §§ 5, 13.

These words, " a true bill," obviously constitute no part of the description of the offence charged in the indictment. They are not indispensable to the due and legal authentication of the action of the grand jury. Their absence can subject the accused to no inconvenience or disadvantage. The reason upon which they are elsewhere held to be essential does not exist in our practice and mode of procedure ; and, therefore, this omission in an indictment is simply the omission of a form, which, if oftentimes found convenient and useful, is in reality immaterial and unimportant.

*Exceptions overruled.*